McKAY, J.,
dissents.
|J respectfully dissent and would reverse the trial court’s granting of the defendants’ exception of prescription for the very simple reason that none of the plaintiffs had actual knowledge that they should have been enrolled in a retirement system as of their initial date of hire.
The trial court’s reliance on Fishbein v. State ex rel. Louisiana State Univ. Health Sciences Center, 2004-2482 (La.4/12/05), 898 So.2d 1260 was misplaced. In that case, the plaintiff knew that LSU had not been properly calculating her total earna-ble compensation and is clearly distinguishable from the instant case.
In a similar case, the Third Circuit ruled that the three year prescription applicable to a plaintiffs claim for past due retirement contributions commenced when plaintiff first obtained actual knowledge that he should have been enrolled in a retirement system as of his date of hire. Deshotel v. Village of Pine Prairie, 2009-670 (La.App. 3 Cir. 12/9/09), 26 So.3d 975. In the instant case, the record establishes that none of the plaintiffs had actual knowledge that they should have been enrolled in a retirement system more than three years prior to the filling of their suit. Accordingly, their suit was timely filed and their actions have not prescribed.